UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MAMADOU JOBE, Petitioner | CIVIL ACTION NO. 1:18-CV-917-P |
| VERSUS | JUDGE DEE D. DRELL |
| JEFFERSON SESSIONS, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Mamadou Jobe ("Jobe") (A#088057445). Jobe is an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE"). He is being detained at the LaSalle Detention Center in Jena, Louisiana. Jobe challenges his continued detention pending removal.

### I. Background

Jobe is a native and citizen of Senegal. (Doc. 1-2, p. 8). Jobe was ordered removed on March 20, 2014. (Doc. 1-2, p. 8). He was placed on supervision and released. (Doc. 1, p. 11). Jobe was arrested by ICE on December 14, 2017, and has remained in custody since that date. Jobe challenges his continued detention under Zadvydas v. Davis, 533 U.S. 678 (2001), because he has been in custody for more than the presumptively reasonable six-month period.

## II. Instructions to Amend

Under Zadvydas, it is presumptively constitutional for an alien to be detained for six months past the 90-day removal period following a final order of removal. Zadvydas v. Davis, 533 U.S. 678 (2001) (presumptive limit to reasonable duration of post-removal-period detention is six months). After the expiration of the six-month period, an alien may seek his release from custody by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Agyei–Kodie v. Holder, 418 F. App'x 317, 318 (5th Cir. 2011). Not every alien in custody will be entitled to automatic release after the expiration of the six-month period under the scheme announced in Zadvydas.

In Andrade v. Gonzales, 459 F.3d 538 (5th Cir. 2006), the Fifth Circuit Court of Appeals reiterated that the Supreme Court's holding in Zadvydas creates no specific limits on detention. In fact, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. Id. at 543 (citing Zadvydas, 533 U.S. at 701). The alien bears the initial burden of proof to show that no such likelihood of removal exists. Id.

Jobe only complains that he has been detained for six months. Jobe does not allege that his removal in the reasonably foreseeable future is unlikely. Therefore, Jobe should amend his petition to state whether there is no significant likelihood of his removal in the reasonably foreseeable future, and provide factual support for his claim.

IT IS ORDERED that Jobe amend his complaint within thirty (30) days of the filing of this Order to provide the information outlined above.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Petitioner is further required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __24th__ day of July, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge