a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MAMADOU JOBE,<br>Petitioner | CIVIL ACTION NO. 1:18-CV-917-P |
| VERSUS | JUDGE DEE D. DRELL |
| JEFFERSON SESSIONS,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Mamadou Jobe ("Jobe") (A#088057445). Jobe is an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE"). He is being detained at the LaSalle Detention Center in Jena, Louisiana. Jobe challenges his continued detention pending removal under Zadvydas v. Davis, 533 U.S. 678 (2001).

Because Jobe cannot show his detention is in violation of Zadvydas at this time, his petition should be denied and dismissed without prejudice.

I. Background

Jobe is a native and citizen of Senegal. (Doc. 1-2, p. 8). Jobe was ordered removed on March 20, 2014. (Doc. 1-2, p. 8). He was placed on supervision and released. (Doc. 1, p. 11). Jobe was arrested by ICE on December 14, 2017, and has remained in custody since that date. Jobe challenges his continued detention under Zadvydas because he has been in custody for more than six momths.

II.  Law and Analysis

Under Zadvydas, it is presumptively constitutional for an alien to be detained for six months past the 90-day removal period following a final order of removal. Zadvydas v. Davis, 533 U.S. 678 (2001) (presumptive limit to reasonable duration of post-removal-period detention is six months). After the expiration of the six-month period, an alien may seek his release from custody by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Agyei–Kodie v. Holder, 418 F. App'x 317, 318 (5th Cir. 2011). Not every alien in custody will be entitled to automatic release after the expiration of the six-month period under the scheme announced in Zadvydas.

In Andrade v. Gonzales, 459 F.3d 538 (5th Cir. 2006), the Fifth Circuit Court of Appeals reiterated that the Supreme Court's holding in Zadvydas creates no specific limits on detention. In fact, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. Id. at 543 (citing Zadvydas, 533 U.S. at 701). The alien bears the initial burden of proof to show that no such likelihood of removal exists. Id.

Jobe was taken into custody on December 14, 2017. The 90-day removal period expired on March 17, 2018. Jobe has not yet been detained for more than six months past the 90-day removal period. Thus, Jobe cannot show a constitutional violation under Zadvydas.

Moreover, Jobe has not shown that his removal is unlikely in the reasonably foreseeable future. A request for travel documents was sent to Jobe's Consulate on

January 30, 2018. (Doc. 7, p. 3). The Consulate did not reject the request. Rather, the Consulate required additional information in the form of an affidavit, which Jobe completed in May of this year. (Doc. 7, p. 3). Jobe has provided no evidence or non-conclusory allegations indicating that Senegal will refuse to accept him.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Jobe's petition be DENIED and DISMISSED without prejudice to refiling should Jobe meet the standard under Zadvydas.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this  23rd  day of August, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge

4